THEODORE M. BECKER (*pro hac vice*)
tbecker@mwe.com
JULIAN L. ANDRÉ (Cal. Bar No. 251120)
jandre@mwe.com
PRENY SARKISSIAN (Cal. Bar No. 346776)
psarkissian@mwe.com
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 277 4110
Facsimile: +1 310 277 4730

*Attorneys for Defendants KPC Healthcare, Inc. Employee Stock Ownership Plan Committee, Kali Pradip Chaudhuri, Amelia Hippert, William E. Thomas, and Lori Van Arsdale*

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SANDRA TRUONG,<br>Plaintiff,<br>v.<br>KPC HEALTHCARE, INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, KALI PRADIP CHAUDHURI, AMELIA HIPPERT, WILLIAM E. THOMAS, and LORI VAN ARSDALE and ALERUS FINANCIAL, N.A.,<br>Defendants. | Case No. 8:23-cv-01384-SB-BFM<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE KPC DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>FAC Filed: February 1, 2024<br>Hearing Date: April 12, 2024<br>Hearing Time: 8:30 a.m.<br>Courtroom: 6C<br><br>The Honorable Stanley Blumenfeld Jr. |

## I. INTRODUCTION

Concurrently with their Motion to Dismiss (Dkt. No. 74), KPC Healthcare Holdings, Inc. Employee Stock Ownership Committee (the "ESOP Committee"), Dr. Kali Pradip Chaudhuri, William Thomas, Amelia Hippert, and Lori Van Arsdale (collectively, the "KPC Defendants") sought judicial notice of: (a) correspondence between the ESOP Committee and Plaintiff, which are explicitly and repeatedly referenced in Plaintiff Sandra Truong's ("Plaintiff") First Amended Complaint; (b) the ESOP's plan documents, which Plaintiff asks this Court to interpret in her favor; and (c) KPC Healthcare, Inc. Profit Sharing Plan's Form 5500 Annual Report for the plan year ending August 31, 2022, which was electronically filed with the Department of Labor on March 1, 2024. In her Opposition to the KPC Defendants' Request for Judicial Notice (the "RJN Opp.") (Dkt. No. 83), Plaintiff asserts several unavailing theories as to why the Court should not grant judicial notice of the documents requested by the KPC Defendants while simultaneously cherry-picking the facts she believes are appropriate for judicial notice and should be incorporated by reference.

Contrary to Plaintiff's assertions, the documents for which the KPC Defendants seek judicial notice are not subject to reasonable dispute. These documents are explicitly referenced in Plaintiff's First Amended Complaint, and they are at the heart of this dispute. The KPC Defendants are not, as Plaintiff claims, trying to "inject facts" into this case. The aforementioned documents are proper for judicial notice, and this Court should grant the KPC Defendants' request for judicial notice.

## II. ARGUMENT

### A. The Court May Take Judicial Notice of Documents Not Subject to Reasonable Dispute

Judicial notice under Federal Rule of Evidence 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

questioned." Fed. R. Evid. 201(b)(1)–(2). Judicial notice is particularly proper when the documents are "central to the plaintiff's claim[s]" asserted in the complaint, as is the case here. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Terraza v. Safeway Inc.*, 241 F. Supp. 3d 1057, 1067 (N.D. Cal. 2017) (taking judicial notice of authentic, ERISA-related documents at the motion to dismiss stage because the complaint "incorporate[d]" or "necessarily relie[d] on those documents"). This is true even if the plaintiff does not explicitly allege the contents of that document in the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Courts may also take judicial notice of documents filed on the U.S. Department of Labor's website. *See Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1125–26 (C.D. Cal. 2015) (taking judicial notice of Form 5500); *Michael v. Blue Cross of California*, 2020 WL 4586967, at *3 (C.D. Cal. Aug. 7, 2020) (taking judicial notice of an IRS Form 5500 because the "Form 5500 is relevant to Plaintiff's plan, and its authenticity is not subject to reasonable dispute as it is available on the United States Department of Labor's website.").

Here, the KPC Defendants requested judicial notice of documents which include the letter the KPC Healthcare, Inc. Employee Stock Ownership Plan ("ESOP") Committee sent to each of the ESOP participants in August 2022 (the "August 2022 Letter"), Plaintiff's November 2022 letter to the ESOP Committee (the "November 2022 Letter"), Theodore M. Becker's December 2022 letter sent on behalf of the ESOP Committee to Plaintiff (the "December 2022 Letter"), the documents enclosed with the December 2022 Letter, and KPC Healthcare, Inc. Profit Sharing Plan's Form 5500 Annual Report for the plan year ending August 31, 2022 (the "Form 5500"), which was electronically filed with the Department of Labor on March 1, 2024. These documents are appropriate for judicial notice for several reasons.

*First*, none of these documents are subject to reasonable dispute. There is no dispute as to the authenticity of the August 2022 Letter, the November 2022 Letter, the

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

December 2022 Letter, and the documents enclosed with the December 2022 Letter. Plaintiff has not meaningfully argued otherwise. These are true and correct copies of the documents that were either sent by Plaintiff herself or transmitted to Plaintiff from the KPC Defendants. *See* Dkt. No. 74-2, André Decl. ¶¶ 3-11. Plaintiff's reliance on *Laatz v. Zazzle, Inc.*, No. 22-CV-04844-BLF, 2023 WL 4600432 (N.D. Cal. July 17, 2023) is unavailing because, unlike the documents here, the documents in *Laatz* "were sourced from redacted letters posted on now removed online typeface designer forum," were "no longer available for verification," and were not "capable of being 'accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Laatz*, 2023 WL 4600432, at *5.

*Second*, the only document that Plaintiff challenges the authenticity of is the Form 5500, which is identical in all respects to the one filed on the DOL's website, except for the signature. Plaintiff's Opposition to the KPC Defendants' Motion to Dismiss concedes that the Form 5500 is now available on the DOL's website, as the KPC Defendants indicated it would be in their Motion to Dismiss and concurrently filed declaration. MTD Opp. at 19. Also, Plaintiff does not cite to any difference between the Form 5500 attached as Exhibit 10 to the declaration of Julian L. André filed concurrently with the KPC Defendant's Motion to Dismiss, (Dkt. No. 74-6), and the one attached as Exhibit 12 to the supplemental declaration of Julian L. André filed concurrently with the KPC Defendant's Reply brief in support of their Motion to Dismiss, (Dkt. No. 91). The Court should take judicial notice of both.

*Third*, many of these documents are referenced in Plaintiff's First Amended Complaint and are at the heart of this litigation. For example, the August 2022 Letter is referenced in paragraphs 25 through 27 of the First Amended Complaint, the November 2022 letter is referenced in paragraphs 33-36, 86, 88, 101-102, the December 2022 Letter is referenced in paragraphs 36 through 39 and 102 to 103. The documents enclosed with the December 2022 Letter, such as the Plan documents and Trust Agreement, are referenced numerous times throughout the First Amended

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

Complaint since these documents form the core of the allegations asserted by Plaintiff. As such, the KPC Defendants are not "inject[ing] additional facts," as Plaintiff claims. MTD Opp. at 12. Plaintiff's arguments that the Court should not take judicial notice of the aforementioned documents is illogical. Plaintiff has asserted allegations based on the ESOP Committee's alleged failure to provide certain documents, but now she is asking the Court to not take judicial notice of the documents that the ESOP Committee provided. Plaintiff also asks the Court to interpret certain provisions of the plan documents in her favor, yet claims that it is somehow improper for the Court to take judicial notice of those very same plan documents and review their actual contents.

*Fourth*, contrary to Plaintiff's claims, the KPC Defendants are not seeking judicial notice of the truth of the contents of the documents, nor are they asking that the Court make factual determinations based on these documents. Instead, for the vast majority of the documents at issue, the KPC Defendants are merely seeking judicial notice of the existence of these documents and their transmission to Plaintiff. The only documents for which the Court should consider the contents of are the Plan documents and Trust Agreement, both of which are cited extensively in Plaintiff's First Amended Complaint. Again, Plaintiff cannot ask the Court to interpret certain provisions of the Plan documents and Trust Agreement in her favor, yet claim that it is improper for the Court to take judicial notice of those very same plan documents.

Plaintiff's reliance on *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003) is unavailing. Unlike in *Ritchie* where the moving party asked the Court to draw inferences and factual conclusions about handwriting on an envelope, the KPC Defendants are not asking the Court to interpret or draw factual conclusions from the documents for which they seek judicial notice.

Further, in her Opposition to the KPC Defendants' Motion to Dismiss, Plaintiff only cites to one case, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (*Khoja*), in support of her argument that judicial notice is improper. In

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

*Khoja*, however, the Ninth Circuit *affirmed* the district court's decision to take judicial notice of defendant's patent application, and the only reason why the court did not take judicial notice of the other two documents at issue (a conference call transcript and a report by the European Medicines Agency) was because the defendant sought judicial notice of the truth of the contents of those documents. Even so, the Ninth Circuit noted that the district court could have taken judicial notice of the date of the conference "under Rule 201(b) because that fact 'can be accurately and readily determined' from the transcript." *Khoja*, 899 F.3d at 1000. Here, unlike in *Khoja*, the KPC Defendants are not asking the Court to take judicial notice of the truth of the contents of the documents but, rather, their existence and transmission. Plaintiff's reliance on *Khoja*, therefore, is misplaced.

### B. <u>**Plaintiff Cannot Selectively Choose What is Proper for Judicial Notice or Incorporation by Reference**</u>

While Plaintiff disputes the KPC Defendants' request for judicial notice, she also conveniently carves out an exception and "does not oppose judicial notice of the fact that the KPC Defendants did not timely file the Plan's 2020 Form 5500." RJN Opp. at 3. Plaintiff cannot unilaterally pick and choose which facts the Court may take judicial notice of based on what facts she views as favorable to her case. *See Iliescu v. Schleining*, 2019 WL 5684173, at *1 (D. Nev. Nov. 1, 2019) (granting defendant's motion for judicial notice when plaintiff and defendant filed separate requests for judicial notice because "it would be unjust to allow plaintiffs to cherry pick which of the state court filings the court should take judicial notice of[.]")

Plaintiff also selectively chooses which documents the Court should incorporate by reference in her First Amended Complaint. Plaintiff indicates that she "does not oppose" treating the majority of the documents in the KPC Defendants' request for judicial notice as incorporated by reference, but opposes incorporating the August 2022 Letter, the 2020 Summary Annual Report, the Participant Statement, and the Form 5500 by reference. Each of these documents are specifically mentioned in



McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

Plaintiff's First Amended Complaint. Again, Plaintiff cannot cherry-pick the documents she unilaterally deems is appropriate for incorporation by reference. Indeed, Courts in this district have clearly noted that incorporation by reference "is a judicially-created doctrine that allows a court to consider certain documents as though they were part of the complaint itself" in order "to prevent plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims." *Ferreira v. Funko Inc.*, No. 220CV02319VAPPJWX, 2021 WL 8820650, at *10 (C.D. Cal. Oct. 22, 2021); *see also Wide Voice, LLC v. CenturyLink Commc'ns, LLC*, 2021 WL 6882153, at *3 (C.D. Cal. Dec. 3, 2021), adhered to on reconsideration, 2022 WL 1394747 (C.D. Cal. Jan. 24, 2022) (same).

In any event, whether the aforementioned documents are judicially noticed or incorporated by reference, the Court can and should consider all documents submitted by the KPC Defendants in connection with resolving the pending Motion to Dismiss.

## III. CONCLUSION

Based on the foregoing, this Court may, and should, grant the KPC Defendants' request for judicial notice.

Dated: March 26, 2024 By: /s/ Preny Sarkissian

THEODORE M. BECKER
JULIAN L. ANDRE
PRENY SARKISSIAN
**MCDERMOTT WILL & EMERY LLP**

*Attorneys for Defendants KPC Healthcare, Inc. Employee Stock Ownership Plam Committee, Kali Pradip Chaudhuri, Amelia Hippert, William E. Thomas, and Lori Van Arsdale*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.2**

The undersigned, counsel of record for the KPC Defendants, certifies that this brief contains 1,925 words, which complies with the word limit set in the Court's Civil Standing Order dated March 1, 2024.

Dated: March 26, 2024 By: */s/ Preny Sarkissian*

THEODORE M. BECKER
JULIAN L. ANDRE
PRENY SARKISSIAN
**MCDERMOTT WILL & EMERY LLP**

*Attorneys for Defendants KPC Healthcare, Inc. Employee Stock Ownership Plam Committee, Kali Pradip Chaudhuri, Amelia Hippert, William E. Thomas, and Lori Van Arsdale*

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to the email addresses denoted on the Notice of Electronic Filing.

By: *<u>/s/ Preny Sarkissian</u>*
Preny Sarkissian