UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA TRUONG,<br><br>         Plaintiff,<br><br>v.<br><br>KPC HEALTHCARE, INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE et al.,<br><br>         Defendants. | Case No. 8:23-cv-01384-SB-BFM<br><br><br>ORDER TO SHOW CAUSE RE SUBJECT-MATTER JURISDICTION AS TO COUNT 3 AND ORDER CONTINUING MOTION HEARINGS |

    In connection with the pending motions to dismiss Plaintiff's First Amended Complaint (FAC), the KPC Defendants argue that the Court lacks Article III jurisdiction over Plaintiff's claim in Count 3, which alleges that the KPC Defendants violated their fiduciary duties by failing to produce the valuation report created for Defendant Alerus Financial, N.A. in 2021. The FAC alleges, based on representations by Defendants, that Alerus never provided the report to the KPC Defendants; that the KPC Defendants have never possessed the report; and that the KPC Defendants attempted to obtain the report from Alerus, but Alerus refused to produce it. Dkt. No. 59 ¶¶ 112, 121–22. Alerus's own motion asserts that it has maintained the report in confidence "as required by the terms of the engagement agreement between Alerus and the valuation advisor" and that Alerus declined to produce the report to the KPC Defendants as requested, relying on its confidentiality. Dkt. No. 73-1 at 7–8. Despite this, Plaintiff argues that the Court must credit the alternative allegations in the FAC that the KPC Defendants "were either provided a copy of the valuation[] . . . or had the ability to request" it. Dkt. No. 59 ¶ 44.

    This Court has a duty to assess whether federal subject-matter jurisdiction exists and may consider the issue sua sponte. *See Allstate Ins. Co. v. Hughes*, 358

F.3d 1089, 1093 (9th Cir. 2004); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case"). Although the KPC Defendants have brought only a facial challenge under Rule 12(b)(1), it appears that at least part of the parties' jurisdictional dispute may be better resolved on a factual basis, particularly since Plaintiff has not identified any support for her conclusory allegation that the KPC Defendants ever had the valuation report or could have obtained it.[1] Accordingly, Plaintiff no later than 9:00 a.m. on April 15, 2024, shall show cause in writing why Count 3 should not be dismissed for lack of subject-matter jurisdiction. Specifically, Plaintiff shall identify evidence to support her allegation that the KPC Defendants possessed or could have obtained from Alerus the disputed valuation report, notwithstanding Alerus's position that the report is confidential and cannot be disclosed.

Plaintiff has cited authority holding that the nonexistence of a document does not excuse a plan administrator from producing the document when it is within the plan administrator's power to create the document. *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1234 (9th Cir. 2000) ("[I]t is consistent with the aims of ERISA to impose a penalty on the plan administrator because there is nothing keeping the administrator from preparing a mandatory document where none previously existed, and it is his burden upon threat of penalty to do so.") (cleaned up). Plaintiff has not cited any authority suggesting that an administrator can be held liable for not producing a document that is *not* within its power to create or obtain, such as a specific document relied on by another party who refuses to produce it. If Plaintiff is aware of any such authority, she shall cite it in her response. Plaintiff may also identify any other legal authority supporting her position that even if the Court concludes that the KPC Defendants have never possessed or had the ability to obtain the requested valuation report, Plaintiff nevertheless has a redressable claim in Count 3. Plaintiff's response shall not exceed five pages, exclusive of evidence.

---

[1] In the prior related litigation, the Court for purposes of a Rule 12(b)(6) motion was constrained to accept as true the allegation that all defendants had access to the valuation report. *Gamino v. KPC Healthcare Holdings, Inc.*, No. 5:20-CV-01126-SB, 2021 WL 162643, at *9 (C.D. Cal. Jan. 15, 2021). Here, the Court seeks to determine whether Article III jurisdiction exists—an issue that was not raised in the motion under consideration in *Gamino*.

     Defendants no later than April 15 at 9:00 a.m. may file their own declarations or other evidence to support their position that the KPC Defendants have never possessed or been able to obtain the valuation report, together with authority supporting the KPC Defendants' position on the issues raised in this order.  The KPC Defendants' response shall not exceed five pages, exclusive of evidence.

     The hearings on the motions to dismiss the FAC, which are currently set for April 12, are continued to April 19, 2024 at 8:30 a.m.

Date: April 10, 2024

                                                     Stanley Blumenfeld, Jr.
                                                   United States District Judge