# Exhibit B

TUCKER ELLIS LLP
Edward W. Racek – SBN 235184
edward.racek@tuckerellis.com
Kristen L. Chic - SBN 299164
kristen.chic@tuckerellis.com
Anna-Sophie Tirre - SBN 336835
anna-sophie.tirre@tuckerellis.com
515 South Flower Street, Forty-Second Floor
Los Angeles, CA 90071
Tel: (213) 430-3400
Fax: (213) 430-3409

GROOM LAW GROUP, CHARTERED
Lars C. Golumbic, (admitted *pro hac vice*)
lgolumbic@groom.com
Shaun A. Gates (admitted *pro hac vice*)
sgates@groom.com
M. Caroline Wood (admitted *pro hac vice*)
cwood@groom.com
1701 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 861-6615
Fax: (202) 659-4503

Attorneys for Defendant ALERUS
FINANCIAL, N.A.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA TRUONG,<br><br>               Plaintiff,<br><br>        v.<br><br>KPC HEALTHCARE, INC. EMPLOYEE STOCK OWNERSHIP PLAN COMMITTEE, KALI PRADIP CHAUDHURI, AMELIA HIPPERT, WILLIAM E. THOMAS, LORI VAN ARSDALE, and ALERUS FINANCIAL, N.A.,<br><br>               Defendants. | No. 8:23-CV-01384-SB-BFM<br><br>**DEFENDANT ALERUS FINANCIAL, N.A.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

41

1    Defendant Alerus Financial, N.A. ("Alerus"), by and through its undersigned

2    counsel, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure

3    and the Local Rules of this Court, hereby submits the following objections and

4    responses to Plaintiff's First Set of Interrogatories to Defendant Alerus Financial,

5    N.A. (the "Interrogatories" and each an "Interrogatory").

6    Alerus is willing to meet and confer with Plaintiff's counsel as necessary

7    regarding these Responses and Objections, and to work in good faith to reasonably

8    resolve any issues that may arise.

9    ## GENERAL OBJECTIONS

10    1.    Alerus objects to the Interrogatories to the extent they seek

11    information beyond the scope of discovery permitted under the Federal Rules of

12    Civil Procedure, the Local Rules of this Court, or any orders in this lawsuit.

13    2.    Alerus objects to the Interrogatories to the extent that the burden and

14    expense of responding to the Interrogatories outweighs the discovery's likely

15    benefit, and/or the information sought by the Interrogatories is not proportional to

16    the needs of the case as required by Rule 26(b)(1) of the Federal Rules of Civil

17    Procedure.

18    3.    Alerus objects to the Interrogatories to the extent they seek

19    information not relevant to the issues raised in the above-captioned lawsuit, or to

20    the parties' claims and defenses.

21    4.    Alerus objects to the Interrogatories to the extent they call for the

22    identification or disclosure of information that is protected by the attorney-client

23    privilege, the work-product doctrine, the common interest or joint defense

24    privilege, or other applicable privileges or protections. Nothing in this response,

25    and no documents or information provided, is intended to be, or shall be construed

26    as, a waiver of any privilege or immunity from discovery. Inadvertent

27    disclosure(s) of any information that is privileged, protected from disclosure, or

28

otherwise immune from discovery will not constitute a waiver of any privilege or protection or any other ground for objecting to discovery with respect to such information.  Any failure by Alerus to assert a privilege shall not be deemed to constitute a waiver of the privilege as to any documents, information, or communications so protected.

5.     Alerus objects to the Interrogatories to the extent they are unrestricted in time and scope.  This case concerns a single document that Plaintiff requested from the ESOP Committee and the ESOP Committee declined to provide.  Unless otherwise stated, Alerus will restrict its responses to information concerning the single document at issue in this case.

6.     Alerus objects to the Interrogatories to the extent they require Alerus to use anything other than reasonable diligence to search for or locate reasonably accessible information or documents from reasonably accessible sources within its possession, custody, or control.

7.     Alerus objects to the Interrogatories to the extent they seek confidential, sensitive, and/or proprietary business information, personal information, or trade secret information before the Court approves an appropriate protective order.

8.     Alerus objects to the Interrogatories to the extent they seek information or documents that: (i) are already known to Plaintiff, her attorneys, and/or agents, or are already in Plaintiff's possession, custody, or control; (ii) are publicly available; or (iii) are otherwise as easily obtained by Plaintiff as by Alerus.

9.     Alerus objects to each Interrogatory to the extent it explicitly or implicitly characterizes the facts, events, circumstances or issues relating to this lawsuit.  Moreover, Alerus objects to each Interrogatory to the extent it seeks a legal conclusion, is argumentative, lacks foundation, or incorporates allegations

and assertions that are disputed or erroneous.  By responding to these Interrogatories, Alerus does not admit that such allegations or assertions are correct.  Nothing contained in any response shall be deemed to be an admission, concession, or waiver by Alerus as to any claim or argument asserted by Plaintiff.

10.    Alerus's responses and objections to the Interrogatories and the production by Alerus of any information or documents shall not be construed as an admission or representation that the information or documents provided are relevant or admissible.  Further, Alerus's responses, objections, and production of documents and information are made without waiving or intending to waive but, to the contrary, intending to preserve and preserving: (i) any objections Alerus may later assert, including, but not limited to, objections as to competency, relevance, materiality, privilege, or admissibility as evidence, for any purpose, of any documents or information produced in response to the Interrogatories; (ii) the right to object on any ground to the use of the documents or information produced in response to the Interrogatories at any hearing or trial in this matter, or any related or subsequent action or proceeding; (iii) the right to object on any ground at any time to any demand for further responses or information to the Interrogatories; or (iv) the right to, at any time, amend, supplement, modify, or correct these responses and objections.

11.    Alerus's responses to the Interrogatories are based upon the facts and information presently known to Alerus.  Discovery is in its early stages, no documents have yet been produced, and Alerus's investigation of the allegations and facts in this litigation is ongoing and may lead to additions or changes to these responses.  Alerus reserves the right to change or supplement its Interrogatory responses as additional or different information is discovered.

## OBJECTIONS TO INSTRUCTIONS

1.      Alerus objects to Instruction 1 as vague, ambiguous, and overly broad to the extent it seeks information in the possession of Alerus's "employees, agents or attorneys." Alerus further objects to this Instruction to the extent it seeks information or documents that are protected under the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections. Alerus further objects to this Instruction to the extent it purports to require Alerus to collect or provide information or documents belonging to third parties and not currently in Alerus's possession, custody, or control. Alerus will conduct a reasonable and proportionate search for information responsive to the Interrogatories.

2.      Alerus objects to Instruction 2 to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules, and this Court's orders.

3.      Alerus objects to Instruction 3 as overly broad and unduly burdensome to the extent it requires Alerus to provide information beyond what is required the Federal Rules of Civil Procedure, the Local Rules, or this Court's orders. In responding to the Interrogatories, unless otherwise specified, Alerus will adhere to its obligations pursuant to Rule of Civil Procedure 26(b)(5).

4.      Alerus objects to Instruction 4 to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules, and this Court's orders. In responding to the Interrogatories, unless otherwise specified, Alerus will adhere to its obligations under Federal Rule of Civil Procedure 26(e).

5.      Alerus objects to Instruction 5 to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules, and this Court's orders.

6.      Alerus objects to Instruct 8 as vague, ambiguous, and calling for a legal conclusion to the extent it requires Alerus to interpret undefined terms "as they are used in the Federal Rules of Civil Procedure."

## **OBJECTIONS TO DEFINITIONS**

### ***General Definitions***

1.      General Definition 1.   Alerus objects to the definition of "and" or "or" as vague, overly broad, and not proportional to the needs of this case considering that the burden or expense of gathering and/or identifying such information outweighs its likely benefit.

2.      General Definition 2.   Alerus objects to the definition of "Document" as overly broad and unduly burdensome to the extent it seeks to impose obligations on Alerus beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or this Court's Orders.  Alerus further objects to this Definition to the extent it purports to require the identification of documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection against discovery.  As used in Alerus's responses to the Interrogatories, the terms "Document" or "Documents," unless otherwise specified, have the meaning ascribed to them by Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court.

3.      General Definition 4.   Alerus objects to the definition of "Parties," "plaintiff," and "defendant" as overly broad, unduly burdensome, vague and ambiguous, and calling for a legal conclusion to the extent it includes "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates."   In responding to these Interrogatories, Alerus will construe the term "Parties" to mean the parties in this case.

4.      General Definition 5.  Alerus objects to the definition of "Person" as overly broad and unduly burdensome.  Alerus further objects to the Definition to the

extent it seeks to impose burdens beyond those required by the Federal Rules of Civil Procedure.

5.  General Definition 6.  Alerus objects to the definition of "relating to" and "relate to" as vague, ambiguous, overly broad, and unduly burdensome on the ground that gathering or identifying all documents or information containing any reference or relationship to a particular topic is unduly burdensome and out of proportion to the needs of the case.  The terms in General Definition 6 can be read to apply to an unmanageable volume of documents and information that do not contain unique, relevant information.

## *Case-Specific Definitions*

1.  Case-Specific Definition 2.  Alerus objects to the definition of "Beneficiary" as calling for a legal conclusion.

2.  Case-Specific Definition 4.  Alerus objects to the definition of "Electronic Data" as vague and ambiguous in its use of the phrase "other dynamic format."

3.  Case-Specific Definition 8.  Alerus objects to the definition of "Participant" as calling for a legal conclusion.

4.  Case-Specific Definition 11.  Alerus objects to the definition of "Successor Trustee" as calling for a legal conclusion.

5.  Case-Specific Definitions 12 and 13.  Alerus objects to the definitions of "Trust" and "Trust Agreement" because they contain the incorrect name of the trust.  Alerus will construe these definitions to refer to the KPC Healthcare, Inc. Employee Stock Ownership Trust.

6.  Case-Specific Definition 14.  Alerus objects to the definition of "Trustee" as calling for a legal conclusion.

7.     <u>Case-Specific Definition 15.</u>  Alerus objects to the definition of "2021 Transaction" to the extent it purports to characterize the transaction.

### *Terms Not Defined Herein*

1.     Alerus objects to the general statement that "[a]ll other terms not defined herein shall have the meaning defined by Plaintiff's Complaint, if defined therein, by the Employee Retirement Security Act, if defined therein, the Federal Rules of Civil Procedure, if defined therein, or shall have the meaning defined by *Black's Law Dictionary*, if defined therein, or shall have the meaning defined by the *American Heritage Dictionary of the English Language*" as vague, ambiguous, and calling for a legal conclusion.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

The above-stated General Objections, Objections to Instructions, and Objections to Definitions are fully incorporated into each of the following Objections to Interrogatories unless otherwise stated below.

**Interrogatory No. 1:** Identify the person(s) that provided financial or valuation advice to or on behalf of the ESOP – including to the TRUSTEE or the ESOP COMMITTEE – regarding the 2021 TRANSACTION by (a) name, (b) company affiliation, (c) address, and (d) the nature of the advice.

**RESPONSE:**

Alerus objects to this Interrogatory to the extent it seeks information not relevant to the parties' claims and defenses.  Alerus further objects to this Interrogatory as calling for a legal conclusion.  Alerus further objects to this Interrogatory as vague and ambiguous, particularly in its use of the terms "financial or valuation advice" and phrase "nature of the advice."  Alerus further objects to this Interrogatory to the extent it seeks information about any person engaged by "the ESOP Committee."  In responding to this Interrogatory, Alerus will limit its response

to identifying any entity that provided financial advisory services to Alerus in its capacity as trustee to the Plan in connection with the 2021 Transaction.

Subject to and without waiving the foregoing objections, Alerus responds that Alerus engaged Stout Risius Ross, LLC ("Stout") to provide financial advisory services in connection with the 2021 Transaction.  Stout's last known address is as follows:

Stout Risius Ross, LLC
8270 Greensboro Drive
Suite 900
McLean, VA 22102

**Interrogatory No. 2:** Identify any person(s) who prepared a valuation (i.e. an opinion fair market value) of KPC for the ESOP – including to the TRUSTEE or the ESOP COMMITTEE – from August 1, 2021 to present by (a) name, (b) company affiliation, (c) address, and (d) the purpose for which the valuation was provided.

**RESPONSE:**

Alerus objects to this Interrogatory to the extent it seeks information not relevant to the parties' claims and defenses.  Alerus further objects to this Interrogatory as calling for a legal conclusion.  Alerus further objects to this Interrogatory as vague and ambiguous, particularly in its use of the phrase "valuation (i.e. an opinion fair market value)."  Alerus further objects to this Interrogatory to the extent it seeks information about any person engaged by "the ESOP Committee." In responding to this Interrogatory, Alerus will limit its response to identifying any entity that prepared an analysis of transaction fairness for Alerus in its capacity as trustee to the Plan in connection with the 2021 Transaction.

Subject to and without waiving the foregoing objections, Alerus responds that Alerus engaged Stout to prepare an analysis of transaction fairness (the "Transaction

Analysis") in connection with the 2021 Transaction.  Stout's last known address is as follows:

Stout Risius Ross, LLC<br>
8270 Greensboro Drive<br>
Suite 900<br>
McLean, VA 22102

**Interrogatory No. 3:** Identify the persons at ALERUS from January 1, 2021 to the present who had responsibility for the PLAN by (a) name, (b) position at ALERUS, (c) role in connection with the PLAN, (d) dates of employment at ALERUS, (e) present employer and employment address and (f) last known address.

**RESPONSE:**

Alerus objects to this Interrogatory to the extent it seeks information not relevant to the parties' claims and defenses.  Alerus further objects to this Interrogatory as calling for a legal conclusion.  Alerus further objects to this Interrogatory as vague, ambiguous, and overbroad in seeking information about any person "who had responsibility for the PLAN."  In responding to this Interrogatory, Alerus will limit its response to identifying the persons with primary involvement with the Plan.

Subject to and without waiving the foregoing objections, Alerus responds that the following persons at Alerus had primary involvement with the Plan:

- **Nels Carlson**.  Mr. Carlson is a Former Managing Director of Fiduciary Service at Alerus and served as a primary point of contact for the Plan.  Mr. Carlson was employed at Alerus from approximately December 2008 – August 2023.  Mr. Carlson currently works at Summit Fiduciary Group, LLC.  Mr. Carlson's contact information is as follows: c/o Lars C. Golumbic, Groom Law Group, Chtd., 1701 Pennsylvania Ave., NW, Washington, DC 20006, Tel: (202) 861-6615, Email: lgolumbic@groom.com.

- **Michael Flesch**.  Mr. Flesch is a Former Managing Director of Fiduciary Service at Alerus and served as a primary point of contact for the Plan.  Mr. Flesch was employed at Alerus from approximately February 2012 – July 2023.  Mr. Flesch currently works at Summit Fiduciary Group, LLC.  Mr. Flesch's contact information is as follows: c/o Lars C. Golumbic, Groom Law Group, Chtd., 1701 Pennsylvania Ave., NW, Washington, DC 20006, Tel: (202) 861-6615, Email: lgolumbic@groom.com.

**Interrogatory No. 4:** For each person that you may use to support any defenses to the claims in this case, identify the person by (a) name, (b) current employer, (c) employer at the time of the 2021 TRANSACTION, (d) last known business and residential address, (e) subjects of information about which person is expected to testify.

**RESPONSE:**

Subject to and without waiving the foregoing objections, Alerus responds by referring Plaintiff to Section I of Alerus's Rule 26(a)(1) Disclosures dated March 11, 2024.

**Interrogatory No. 5:** Set forth the date on which ALERUS ceased to be the TRUSTEE of the PLAN or TRUST and the reasons why ALERUS ceased to be the TRUSTEE.

**RESPONSE:**

Alerus objects to this Interrogatory to the extent it seeks information not relevant to the parties' claims and defenses.  Alerus further objects to this Interrogatory on the grounds that it contains multiple subparts.  Alerus further objects to this Interrogatory as vague and ambiguous in its use of the term "reasons,"

which could be read to encompass any number of business motivations that are not relevant to this lawsuit.

Subject to and without waiving the foregoing objections, Alerus responds that Alerus resigned as trustee of the Plan effective July 10, 2023.  Alerus ceased being trustee as a result.

**Interrogatory No. 6:** Set forth what You did to comply with Your obligations under Section 2.4(n) of the TRUST AGREEMENT, including with respect to any valuations of Employer Securities held by the PLAN during 2021 or thereafter, and the persons at ALERUS responsible for complying with such duties and the persons on behalf of KPC or the ESOP COMMITTEE with whom You communicated or interacted with regarding these duties during 2021.

**RESPONSE:**

Alerus objects to this Interrogatory to the extent it seeks information not relevant to the parties' claims and defenses.  This case concerns a single document that Alerus has not provided to the ESOP Committee.  Alerus's general compliance with the terms of the Trust and Plan are not at issue.  Alerus further objects to this Interrogatory as calling for a legal conclusion.  Alerus further objects to this Interrogatory on the grounds that it contains multiple subparts.  Alerus further objects to this Interrogatory as vague and ambiguous in its use of the terms "valuations" and "Employer Securities."

Based on its objections, Alerus will not answer this Interrogatory.  Alerus is willing to meet and confer with Plaintiff regarding these objections and work in good faith to resolve any issues, if reasonably possible.

**Interrogatory No. 7:** Set forth whether ALERUS received any direction from the ESOP COMMITTEE to sell any Employer Securities held by the PLAN in connection with the 2021 TRANSACTION and if so, describe the instructions (if

not in writing) or identify the documents by bates-number if the direction was in writing.

**RESPONSE:**

Alerus objects to this Interrogatory to the extent it seeks information not relevant to the parties' claims and defenses. This case concerns a single document that Alerus has not provided to the ESOP Committee. Alerus further objects to this Interrogatory as vague and ambiguous in its use of the terms "direction" and "Employer Securities."

Based on its objections, Alerus will not answer this Interrogatory. Alerus is willing to meet and confer with Plaintiff regarding these objections and work in good faith to resolve any issues, if reasonably possible.

**Interrogatory No. 8:** Set forth what You did to comply with Your obligations under Section 10.6 of the PLAN DOCUMENT and Section 4.1 of the TRUST AGREEENT [sic] including with respect to any valuations of Employer Securities (as defined by Section 1.28 of the PLAN DOCUMENT) held by the PLAN during 2021 or thereafter, and the persons at ALERUS responsible for complying with such duties and persons on behalf of KPC or the ESOP COMMITTEE with whom You communicated or interacted regarding these duties during or after 2021.

**RESPONSE:**

Alerus objects to this Interrogatory to the extent it seeks information not relevant to the parties' claims and defenses. This case concerns a single document that Alerus has not provided to the ESOP Committee. Alerus's general compliance with the terms of the Trust and Plan are not at issue. Alerus further objects to this Interrogatory as calling for a legal conclusion. Alerus further objects to this Interrogatory on the grounds that it contains multiple subparts. Alerus further objects to this Interrogatory as vague and ambiguous in its use of the terms "valuations" and "Employer Securities."

Based on its objections, Alerus will not answer this Interrogatory.  Alerus is willing to meet and confer with Plaintiff regarding these objections and work in good faith to resolve any issues, if reasonably possible.

**Interrogatory No. 9:** Set forth what You did to comply with Your obligations under Section 6.3 of the TRUST AGREEENT [sic] including with respect to any valuations of Employer Securities (as defined by Section 1.28 of the PLAN DOCUMENT) held by the PLAN during 2021 or thereafter, and the persons at ALERUS responsible for complying with such duties and persons on behalf of KPC or the ESOP COMMITTEE with whom You communicated or interacted regarding these duties during or after 2021.

**RESPONSE:**

Alerus objects to this Interrogatory to the extent it seeks information not relevant to the parties' claims and defenses.  This case concerns a single document that Alerus has not provided to the ESOP Committee.  Alerus's general compliance with the terms of the Trust and Plan are not at issue.  Alerus further objects to this Interrogatory as calling for a legal conclusion.  Alerus further objects to this Interrogatory on the grounds that it contains multiple subparts.  Alerus further objects to this Interrogatory as vague and ambiguous in its use of the terms "valuations" and "Employer Securities."

Based on its objections, Alerus will not answer this Interrogatory.  Alerus is willing to meet and confer with Plaintiff regarding these objections and work in good faith to resolve any issues, if reasonably possible.

**Interrogatory No. 10:** For each date on which the Plan Administrator (i.e. the ESOP COMMITTEE) or the Company (i.e. KPC) requested access to any "accounts, books and records related to [the]" investments of the PLAN and "any information related to the Trust Fund" from August 1, 2021 to the present, set forth the date of the request, the information requested including whether the request encompassed

valuation reports, what valuation reports were requested, your response and what information or documents You provided.

**RESPONSE:**

Alerus objects to this Interrogatory to the extent it seeks information not relevant to the parties' claims and defenses.  This case concerns a single document that Alerus has not provided to the ESOP Committee.  General requests for "accounts, books and records" or "any information related to the Trust Fund" are not at issue.  Alerus further objects to this Interrogatory on the grounds that it contains multiple subparts.  Alerus further objects to this Interrogatory as vague and ambiguous in its use of the terms "valuation reports" and "Employer Securities."  In responding to this Interrogatory, Alerus will limit its response to identifying any request for the Transaction Analysis at issue in the case.

Subject to and without waiving the foregoing objections, Alerus responds that the ESOP Committee, by and through its counsel, requested a copy of the Transaction Analysis on November 10, 2023.  Alerus, by and through its counsel, responded by letter dated November 17, 2023, and declined to provide a copy of the Transaction Analysis.  Alerus understands that these letters have already been provided to Plaintiff's counsel.

**Interrogatory No. 11:** Set forth the date(s) on which anyone on behalf of the Plan Administrator (i.e. the ESOP COMMITTEE) or the Company (i.e. KPC) requested access to any valuation report(s) of Employer Securities (as defined by Section 1.28 of the PLAN DOCUMENT) held by the PLAN, including the valuation reports or analysis in connection with the 2021 TRANSACTION, the person(s) who made the request, the person(s) to whom the request was made, and the person(s) at or on behalf of ALERUS who were involved in responding to that request.

**RESPONSE:**

Alerus objects to this Interrogatory to the extent it seeks information not relevant to the parties' claims and defenses.  This case concerns a single document that Alerus has not provided to the ESOP Committee.  Alerus further objects to this Interrogatory as calling for a legal conclusion.  Alerus further objects to this Interrogatory as vague and ambiguous in its use of the terms "valuation report(s)" and "Employer Securities" and phrase "involved in responding."  In responding to this Interrogatory, Alerus will limit its response to identifying any request for the Transaction Analysis at issue in the case.

Subject to and without waiving the foregoing objections, Alerus responds that the ESOP Committee, by and through its counsel, requested a copy of the Transaction Analysis on November 10, 2023.  Alerus, by and through its counsel, responded by letter dated November 17, 2023, and declined to provide a copy of the Transaction Analysis.  Alerus understands that these letters have already been provided to Plaintiff's counsel.

**Interrogatory No. 12:** Set forth the reasons that You refused to provide the Plan Administrator (i.e. the ESOP COMMITTEE) or the Company (i.e. KPC) with access to any valuation report(s) of the Employer Securities (as defined by Section 1.28 of the PLAN DOCUMENT) held by the PLAN, including the valuation reports or analysis in connection with the 2021 TRANSACTION, and identify any agreement and the language in that agreement that You believe would prevent You from providing such valuations to the Plan administrator or KPC.

**RESPONSE:**

Alerus objects to this Interrogatory to the extent it seeks information not relevant to the parties' claims and defenses.  This case concerns a single document that Alerus has not provided to the ESOP Committee.  Plaintiff does not allege Alerus failed to provide the ESOP Committee any other document.  Alerus further objects to this Interrogatory as calling for a legal conclusion.  Alerus further objects

to this Interrogatory as vague and ambiguous in its use of the terms "valuation reports," "analysis," and "Employer Securities."  In responding to this Interrogatory, Alerus will limit its response to identifying information about the Transaction Analysis at issue in the case.

Subject to and without waiving the foregoing objections, Alerus responds by directing Plaintiff to Alerus's November 17, 2023 response to the ESOP Committee. Alerus understands that this letter has already been provided to Plaintiff's counsel.

**Interrogatory No. 13:** Set forth whether the SUCCESSOR TRUSTEE (i.e. PAREDES) ever requested a copy of any valuation report(s) of the Employer Securities (as defined by Section 1.28 of the PLAN DOCUMENT) held by the PLAN in 2021, including the valuation reports or analysis in connection with the 2021 TRANSACTION, and identify any agreement that would prevent You from providing such valuations to the SUCCESSOR TRUSTEE or any other reason why You could not or would be an impediment for You to provide a copy of such valuation report to the SUCCESSOR TRUSTEE.

**RESPONSE:**

Alerus objects to this Interrogatory to the extent it seeks information not relevant to the parties' claims and defenses.  This case concerns a single document that Alerus has not provided to the ESOP Committee or any Successor Trustee. Alerus further objects to this Interrogatory as calling for a legal conclusion.  Alerus further objects to this Interrogatory as vague and ambiguous in its use of the terms "valuation reports," "analysis," and "Employer Securities."  In responding to this Interrogatory, Alerus will limit its response to identifying any requests for the Transaction Analysis at issue in the case.

Subject to and without waiving the foregoing objections, Alerus responds that the Transaction Analysis has not been requested by any successor trustee to the Plan. Further responding, Alerus directs Plaintiff to Alerus's November 17, 2023 response

to the ESOP Committee. Alerus understands that this letter has already been provided to Plaintiff's counsel.

**Interrogatory No. 14:** Identify the person(s) who were provide [sic] with a copy any valuation of Employer Securities held by the PLAN during 2021 or thereafter by (a) name, (b) company affiliation, (c) address and (d) the date, reasons and circumstances under which that person was provided with that valuation.

**RESPONSE:**

Alerus objects to this Interrogatory to the extent it seeks information not relevant to the parties' claims and defenses. Alerus further objects to this Interrogatory to the extent it seeks information outside of Alerus's possession, custody, or control. Alerus further objects to this Interrogatory as vague and ambiguous in its use of the terms "valuation" and "Employer Securities" and phrase "reasons and circumstances under which that person was provided with that valuation." In responding to this Interrogatory, Alerus will limit its response to identifying persons that received the Transaction Analysis at issue in the case in the course of Alerus's analysis of the 2021 Transaction.

Subject to and without waiving the foregoing objections, Alerus responds that the following individuals received a copy of the Transaction Analysis from Stout in connection with the 2021 Transaction:

- **Nels Carlson**. Mr. Carlson (Former Managing Director of Fiduciary Service at Alerus) received a copy of Stout's Transaction Analysis in connection with Alerus's analysis of the 2021 Transaction. Mr. Carlson's contact information is as follows: c/o Lars C. Golumbic, Groom Law Group, Chtd., 1701 Pennsylvania Ave., NW, Washington, DC 20006, Tel: (202) 861-6615, Email: lgolumbic@groom.com.

- **Michael Flesch**.  Mr. Flesch (Former Managing Director of Fiduciary Service at Alerus) received a copy of Stout's Transaction Analysis in connection with Alerus's analysis of the 2021 Transaction.  Mr. Flesch's contact information is as follows: c/o Lars C. Golumbic, Groom Law Group, Chtd., 1701 Pennsylvania Ave., NW, Washington, DC 20006, Tel: (202) 861-6615, Email: lgolumbic@groom.com.

- **Nicole Langerud.**  Ms. Langerud (former Director of Fiduciary Service at Alerus) received a copy of Stout's Transaction Analysis in connection with Alerus's analysis of the 2021 Transaction.  Ms. Langerud's contact information is as follows: c/o Lars C. Golumbic, Groom Law Group, Chtd., 1701 Pennsylvania Ave., NW, Washington, DC 20006, Tel: (202) 861-6615, Email: lgolumbic@groom.com.

- **David Wright.**  Mr. Wright of Musick, Peeler & Garrett LLP, legal counsel to Alerus in connection with the 2021 Transaction, received a copy of Stout's Transaction Analysis in connection with Alerus's analysis of the 2021 Transaction.  Mr. Wright's last known address is as follows: Musick, Peeler & Garrett LLP, 333 South Hope Street, Suite 2900, Los Angeles, CA 90071.

**Interrogatory No. 15:** Identify the person(s) who are known or believed to be still in possession of any valuation of Employer Securities (as defined by Section 1.28 of the PLAN DOCUMENT) held by the PLAN during 2021 or thereafter by (a) name, (b) company affiliation, and (c) last known address.

**RESPONSE:**

Alerus objects to this Interrogatory to the extent it seeks information not relevant to the parties' claims and defenses.  Alerus further objects to this Interrogatory to the extent it seeks information outside of Alerus's possession,

custody, or control.   Alerus further objects to this Interrogatory as vague and ambiguous in its use of the terms "valuation" and "Employer Securities" and phrase "believed to be still in possession."  In responding to this Interrogatory, Alerus will limit its response to identifying persons that Alerus knows possess the Transaction Analysis at issue in the case, excluding its legal counsel.

Subject to and without waiving the foregoing objections, Alerus responds as follows:

| Person/Entity | Contact Information |
|---|---|
| Alerus | c/o Lars C. Golumbic<br>Groom Law Group, Chtd.<br>1701 Pennsylvania Ave., NW<br>Washington, DC 20006<br>Tel: (202) 861-6615<br>lgolumbic@groom.com |

Alerus lacks sufficient information to form a belief as to any other person "believed" to possess a copy of the Transaction Analysis.

**Interrogatory No. 16:** Set forth the reasons that You are still entitled – after You ceased to be the TRUSTEE of the PLAN -- to retain possession of any valuation report of Employer Securities (as defined by Section 1.28 of the PLAN DOCUMENT) held by the PLAN during 2021, including by identifying any documents that authorize You to retain possession of such valuation reports.

**RESPONSE:**

Alerus objects to this Interrogatory to the extent it seeks information not relevant to the parties' claims and defenses.   Alerus further objects to this Interrogatory as calling for a legal conclusion.   Alerus further objects to this Interrogatory as vague and ambiguous in its use of the terms "valuation report" and "Employer Securities." In responding to this Interrogatory, Alerus will limit its response to information concerning the Transaction Analysis at issue in the case.

1    Subject to and without waiving the foregoing objections, Alerus responds that

2   it possesses a copy of the Transaction Analysis as a result of Alerus's analysis of the

3   2021 Transaction.

4    Dated:  March 18, 2024                    Respectfully Submitted,

5                                             */s/ Lars C. Golumbic*
                                              Lars C. Golumbic (admitted *pro hac vice*)
6                                             Shaun A. Gates (admitted *pro hac vice*)
                                              M. Caroline Wood (admitted *pro hac vice*)
7                                             GROOM LAW GROUP, CHARTERED
                                              1701 Pennsylvania Ave. NW
8                                             Washington, DC 20006
                                              Tel: (202) 861-6615
9                                             Fax: (202) 659-4503
                                              Email: lgolumbic@groom.com
10                                                   sgates@groom.com
                                                     cwood@groom.com
11

12                                            edward.racek@tuckerellis.com
                                              Kristen L. Chic - SBN 299164
13                                            kristen.chic@tuckerellis.com
                                              Anna-Sophie Tirre - SBN 336835
14                                            anna-sophie.tirre@tuckerellis.com
                                              TUCKER ELLIS LLP
15                                            515 South Flower Street, Forty-Second
                                              Floor
16                                            Los Angeles, CA 90071
                                              Telephone: 213.430.3400
17                                            Facsimile: 213.430.3409

18                                            *COUNSEL FOR DEFENDANT
                                              ALERUS FINANCIAL, N.A.*
19

20

21

22

23

24

25

26

27

28
ALERUS'S RESPONSES AND OBJECTIONS            No. 8:23-CV-01384-SB-BFM
TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES - 20
                                                                          61

## <u>VERIFICATION OF INTERROGATORY ANSWERS</u>

I, Nicholas Brenckman, am employed by Alerus Financial, N.A., and I am the General Counsel and Corporate Secretary of Alerus.  I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on March 18, 2024

_____
Nicholas Brenckman

21

## CERTIFICATE OF SERVICE

I certify that on March 18, 2024, I caused the foregoing DEFENDANT ALERUS FINANCIAL, N.A.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES to be served on all counsel of record via e-mail and first class mail.

Dated: March 18, 2024

*/s/ Lars C. Golumbic*
Lars C. Golumbic

| | |
|---|---|
| R. Joseph Barton<br>Colin M. Downes<br>BARTON & DOWNES LLP<br>1633 Connecticut Ave., N.W. Suite 200<br>Washington, DC  20009<br>Email: jbarton@bartondownes.com<br>Email: colin@bartondownes.com | Julian L. Andre<br>Preny Sarkissian<br>MCDERMOTT WILL & EMERY LLP<br>2049 Century Park East, Suite 3200<br>Los Angeles, CA 90067<br>Email: jandre@mwe.com<br>Email: psarkissian@mwe.com<br><br>Theodore M. Becker<br>MCDERMOTT WILL & EMERY LLP<br>444 W. Lake St., Suite 4000<br>Chicago, IL  60606<br>Email: tbecker@mwe.com |